PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

RECEIVED

MAR 2 - 2008

U.S. PROBATION OFFICE
DISTRICT GO. ILLINOIS

| | |
|---|---|
| DOCKET NUMBER *(Tran Court)* | 1 04-CR-320-01 |
| DOCKET NUMBER *(Rec's Office)* FILED IN CLERK'S OFFICE USDC | |

NAME AND ADDRESS OF
PROBATIONER/SUPERVISED RELEASEE

Christopher Osimbi

**JUDGE KENDALL**

| | |
|---|---|
| DISTRICT Northern District of Georgia | DIVISION APR 25 2008 Tucker |
| NAME OF SENTENCING JUDGE Honorable Marvin H Shoov | JAMES N. HATTEN, CLERK By J. Brannon Deputy Clerk |
| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 07/21/2006 | TO 07/20/2009 |

OFFENSE
Conspiracy to possess with intent to distribute at least 100 grams of heroin

**08 CR 314**

MAGISTRATE JUDGE NOLAN

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 2 8 2008

James N. Hatten, Clerk
By: _____
Deputy Clerk

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

IT IS HEREBY ORDERED that pursuant to 18 U S C 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of upon that Court's order of acceptance of jurisdiction This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court *

FILED

MAY 14 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3/18/08
_____
Date

_____
Honorable Marvin H Shoob
United States District Judge

*This sentence may be deleted at the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order

APR 11 2008
_____
Effective Date

BY
U S
APR 21 2008
DATE

_____
James F. Holderman
Honorable
United States District Judge

CLOSED, TransSup

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CRIMINAL DOCKET FOR CASE #: 1:04-cr-00320-MHS-JMF-1
### Internal Use Only

Case title: USA v. Osinibi

Magistrate judge case number: 1:04-mj-00737

Date Filed: 06/01/2004

Date Terminated: 09/23/2005

Assigned to: Judge Marvin H. Shoob
Referred to: Magistrate Judge Joel M. Feldman

**Defendant (1)**

**Christopher Osinibi**
*TERMINATED: 09/23/2005*

represented by **Jimmy Hardy**
Federal Defender Program
100 Peachtree Street, N.W.
The Equitable Building, Suite 1700
Atlanta, GA 30303
404-688-7530
Fax: 404-688-0768
Email: Jimmy_Hardy@FD.Org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Paul M. Cognac**
Office of Paul M. Cognac
152 Nassau Street, NW
Atlanta, GA 30303
404-285-0677
Email: pmcognac@netscape.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 2 8 2008

James N. Hatten, Clerk
By: _____
Deputy Clerk

**Pending Counts**

21:846=ND.F and 841(b)(1)(B)
CONSPIRACY TO DISTRIBUTE
NARCOTICS (HEROIN)

**Disposition**

CBOP 30 MONTHS. 3 YEARS
Supervised Release. $100.00 Special
Assessment. FINE: $2,000.00

(1)

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| 21:841A=ND.F(1), 841(b)(1)(B) and 18:2 NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE (HEROIN) (2) | Dismissed count of government motion |
| 21:963=NI.F and 960(b)(2)(A) ATTEMPT/CONSPIRACY - NARCOTICS - IMPORTATION/EXPORTATION (HEROIN) (3) | Dismissed count of government motion |
| 21:952A=NI.F, 960(b)(2)(A) and 18:2 NARCOTICS - IMPORT (HEROIN) (4) | Dismissed count of government motion |

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| None | |

## Plaintiff

| | | |
|---|---|---|
| USA | represented by | **Carol Marlene Kayser**<br>Office of United States Attorney<br>Northern District of Georgia<br>75 Spring Street, S.W.<br>600 United States Courthouse<br>Atlanta, GA 30303<br>404-581-6285 Direct<br>Email: Carol.Kayser@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Dahil Dueno Goss**<br>Office of United States Attorney<br>Northern District of Georgia |

75 Spring Street, S.W.
600 United States Courthouse
Atlanta, GA 30303
404-581-6245
Email: dahil.goss@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2004 | 1 | Magistrate's complaint as to Christopher Osinibi (1) count(s) cmp, Pogiso William Dikgang (2) count(s) cmp. [ 1:04-m -737 ] (ddm) (Entered: 05/24/2004) |
| 05/20/2004 | 5 | INITIAL APPEARANCE HEARING held for Christopher Osinibi before Mag Judge Gerrilyn G. Brill. VERBAL ORDER preliminary exam set for may 25, 2004 at 1:30 p.m. , Detention hearing set for May 25, 2004 at 1:30 p.m. [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/20/2004 | 6 | ORDER by Mag Judge Gerrilyn G. Brill as to Christopher Osinibi, Appointing Public Defender as Counsel Jimmy Hardy . [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/20/2004 | 7 | Motion by USA as to Christopher Osinibi for detention . [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/20/2004 | 8 | Magistrate's temporary commitment pending hearing of Christopher Osinibi issued by Mag Judge Gerrilyn G. Brill. Hearing set for May 25, 2004 at 1:30 p.m. before Magistrate Judge Gerrilyn G. Brill. [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/21/2004 | 2 | Motion by USA as to Christopher Osinibi to substitute custody of Defendant from USMS to BICE on Tuesday, May 25, 2004 . [ 1:04-m -737 ] (ddm) (Entered: 05/24/2004) |
| 05/21/2004 | 3 | ORDER by Judge Jack T. Camp as to Christopher Osinibi GRANTING [2-1] motion to substitute custody of Defendant from USMS to BICE on Tuesday, May 25, 2004. [ 1:04-m -737 ] (ddm) (Entered: 05/24/2004) |
| 05/25/2004 |  | Preliminary examination for Christopher Osinibi before Mag Judge Gerrilyn G. Brill. VERBAL ORDER finding probable cause, defendant is held to District Court. [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/25/2004 | 9 | Detention hearing held for Christopher Osinibi before Mag Judge Gerrilyn G. Brill. [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 05/25/2004 | 10 | ORDER by Mag Judge Gerrilyn G. Brill as to Christopher Osinibi GRANTING [7-1] motion for detention pending trial. [ 1:04-m -737 ] (ddm) (Entered: 06/02/2004) |
| 06/01/2004 | 16 | INDICTMENT filed. Christopher Osinibi (1) counts 1, 2, 3, 4, Pogiso William Dikgang (2) counts 1, 2, 3, 4. (WITH FORFEITURE |

| | | |
|---|---|---|
| | | PROVISION) (mas) (Entered: 06/03/2004) |
| 06/01/2004 | 17 | Defendant Information Sheet for Christopher Osinibi. (mas) (Entered: 06/03/2004) |
| 06/01/2004 | 19 | Request for arraignment as to Christopher Osinibi. (mas) (Entered: 06/03/2004) |
| 06/04/2004 | 23 | Summons issued as to Christopher Osinibi directing Defendant to appear on Friday, June 11, 2004 at 11:30 a.m. before Magistrate Judge E. Clayton Scofield, III in Courtroom 1810.(ddm) Modified on 06/07/2004 (Entered: 06/07/2004) |
| 06/16/2004 | 26 | ARRAIGNMENT HELD before Mag Judge C. C. Hagy Case assigned to Judge Marvin H. Shoob Pretrial referral to Mag Judge Joel M. Feldman as to Christopher Osinibi PLEA OF NOT GUILTY (er) (Entered: 06/24/2004) |
| 06/16/2004 | | Estimated Trial Time-Short (er) (Entered: 06/29/2004) |
| 06/22/2004 | 28 | Pretrial order setting pretrial conference for 07/02/04 at 11:30 a.m. by Mag Judge Joel M. Feldman as to Christopher Osinibi and Pogiso William Dikgang (cc: served by Mag/Judge)(er) Modified on 06/24/2004 (Entered: 06/24/2004) |
| 06/24/2004 | | (Court only) JS-2 docketed. (er) (Entered: 06/24/2004) |
| 06/24/2004 | 29 | MOTION by Christopher Osinibi to suppress statements (er) Modified on 07/07/2004 (Entered: 06/29/2004) |
| 07/01/2004 | 30 | PRE-TRIAL CONFERENCE HELD before Mag Judge Joel M. Feldman as to Christopher Osinibi DEFERRING ruling on [29-1] motion to suppress statementsi by dft. (er) Modified on 07/07/2004 (Entered: 07/07/2004) |
| 07/02/2004 | 34 | ORDER DECLARING CASE READY FOR TRIAL by Mag Judge Joel M. Feldman as to Christopher Osinibi. (cc: served by Mag/Judge & c/ctdep.) (er) (Entered: 07/07/2004) |
| 07/07/2004 | | SUBMITTED to Judge Marvin H. Shoob as to Christopher Osinibi on [29-1] dft's motion to suppress statements (er) (Entered: 07/07/2004) |
| 07/07/2004 | | (Court only) ***Submission of 29 Motion to Suppress as to Christopher Osinibi, submitted to District Judge Marvin H. Shoob. (er) (Entered: 07/14/2004) |
| 07/09/2004 | ●34 | Motion and Order to Substitute Custody as to Christopher Osinibi Signed by Judge Marvin H. Shoob on 07/08/04. (er) (Entered: 07/17/2004) |
| 07/12/2004 | ●35 | ORDER Granting 29 Motion for a Jackson-Denno Hearing as to Christopher Osinibi (1). Signed by Judge Marvin H. Shoob on 07/09/04. (er) (Entered: 07/17/2004) |

| | | |
|---|---|---|
| 08/23/2004 | | (Court only) ***Set/Clear Flags as to Christopher Osinibi (er) (Entered: 08/23/2004) |
| 11/09/2004 | ❶42 | NOTICE OF ATTORNEY APPEARANCE Dahil Dueno Goss appearing for USA. (er) (Entered: 11/12/2004) |
| 02/02/2005 | ❶51 | Sealed Document (fem) (Entered: 02/02/2005) |
| 02/18/2005 | ❶52 | Sealed Document (fem) (Entered: 02/18/2005) |
| 03/04/2005 | ❶54 | NOTICE Setting Case for Tender of Plea as to Christopher Osinibi. Tender Plea Hearing set for Friday, 4/1/2005, at 02:00 PM in Courtroom 1707 before Judge Marvin H. Shoob. (jsr) (Entered: 03/04/2005) |
| 03/10/2005 | ❶55 | Sealed Document. (dfb) (Entered: 03/12/2005) |
| 04/21/2005 | ❶57 | Sealed Document. (dfb) (Entered: 04/21/2005) |
| 05/13/2005 | ❶58 | Minute Entry for proceedings held before Judge Marvin H. Shoob : Change of Plea Hearing as to Christopher Osinibi, Plea entered by Christopher Osinibi (1) Guilty Count 1. Sentencing set for 7/21/2005 @ 10:30 AM in Courtroom 1707 before Judge Marvin H. Shoob. (Court Reporter Donna Keeble)(er) (Entered: 05/17/2005) |
| 07/08/2005 | ❶ | NOTICE OF SENTENCING Reset as to Christopher Osinibi. TIME CHANGE ONLY: Sentencing set for Thursday, 7/21/2005, at 2:00 PM in Courtroom 1707 before Judge Marvin H. Shoob. (jsr) (Entered: 07/08/2005) |
| 07/19/2005 | ❶61 | Sentencing Memorandum as to Christopher Osinibi (Hardy, Jimmy) (Entered: 07/19/2005) |
| 07/19/2005 | ❶62 | MOTION for Downward Departure by Christopher Osinibi. (Hardy, Jimmy) (Entered: 07/19/2005) |
| 08/17/2005 | ❶ | NOTICE OF SENTENCING Reset as to Christopher Osinibi. Sentencing set for Tuesday, 8/30/2005, at 02:30 PM in Courtroom 1707 before Judge Marvin H. Shoob. (jsr) (Entered: 08/17/2005) |
| 08/30/2005 | | (Court only) ***Steno Notes of proceedings held on 8/30/2005 as to Christopher Osinibi before Judge Marvin H. Shoob, by Elise Evans (ee) (Entered: 08/30/2005) |
| 08/30/2005 | ❶63 | Minute Entry for proceedings held before Judge Marvin H. Shoob : Case scheduled for sentencing this date. Defense counsel requested continuance - granted by the court. Later, date set for Monday, 9/12/05 at 2:00 p.m. (Court Reporter Elise Evans)(jsr) (Entered: 08/31/2005) |
| 08/31/2005 | ❶ | NOTICE OF SENTENCING Set/Reset as to Christopher Osinibi. Sentencing set for Monday,9/12/2005, at 02:00 PM in Courtroom 1707 before Judge Marvin H. Shoob. (jsr) (Entered: 08/31/2005) |
| 09/07/2005 | ❶ | NOTICE OF SENTENCING Reset as to Christopher Osinibi Sentencing set for Thursday, 9/22/2005, at 02:00 PM in Courtroom 1707 before Judge |

|  |  |  |
|---|---|---|
|  |  | Marvin H. Shoob. (jsr) (Entered: 09/07/2005) |
| 09/19/2005 | ●64 | Sentencing Memorandum as to Christopher Osinibi (Attachments: # 1)(Hardy, Jimmy) (Entered: 09/19/2005) |
| 09/22/2005 |  | (Court only) ***Steno Notes of proceedings held on 9/22/2005 as to Christopher Osinibi before Judge Marvin H. Shoob, by Elise Evans (ee) (Entered: 09/22/2005) |
| 09/22/2005 | ●65 | Minute Entry for proceedings held before Judge Marvin H. Shoob :Sentencing as to Christopher Osinibi (Court Reporter Elise S. Evans)(er) (Entered: 09/23/2005) |
| 09/23/2005 | ●66 | JUDGMENT AND COMMITMENT as to Christopher Osinibi (1), Count(s) 1, CBOP 30 MONTHS. 3 YEARS Supervised Release with special and standard conditions of release. $100.00 Special Assessment. FINE: $2,000.00; Count(s) 2, 3, 4, Dismissed count of government motion. Court recommendations: That the defendant be placed in an institution close to Atlanta. Remanded to CUSM. Signed by Judge Marvin H. Shoob on 09/23/2005. (er) --Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 09/23/2005) |
| 09/23/2005 | ● | VERBAL ORDER as to Christopher Osinibi granting 62 MOTION for Downward Departure filed by Christopher Osinibi. (er) (Entered: 09/23/2005) |
| 05/07/2007 | ●72 | GOVERNMENT MOTION TO DISMISS COUNTS AND ORDER GRANTING SAME as to Christopher Osinibi (1), Count(s) 2, 3, 4, Dismissed count of government motion. Signed by Judge Marvin H. Shoob on 5/7/07. (hfm) (Entered: 05/08/2007) |
| 04/25/2008 | ●73 | Supervised Release Jurisdiction Transferred to Northern District of Illinois as to Christopher Osinibi. (sjk) (Entered: 04/29/2008) |

FILED IN CHAMBERS
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

JUN  1 2004

LUTHER D. THOMAS, Clerk

By: _____ Deputy Clerk

UNITED STATES OF AMERICA  :
                          :
            v.            :
                          :
CHRISTOPHER OSINIBI, and  :
POGISO WILLIAM DIKGANG, a/k/a :
    AKIM                  :

CRIMINAL INDICTMENT

NO.  1: 04- C R-320

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

From a date unknown to the Grand Jury, until on or about May 19, 2004, in the Northern District of Georgia and elsewhere, the defendants, CHRISTOPHER OSINIBI and POGISO WILLIAM DIKGANG, a/k/a AKIM, did knowingly combine, conspire, confederate, agree and have a tacit understanding with one another and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code Section 841(a)(1), that is to knowingly and intentionally possess with the intent to distribute heroin, a Schedule I controlled substance, said conspiracy involving at least 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

ATTEST: A TRUE COPY
    CERTIFIED THIS

    APR 2 8 2008

    James N. Hatten, Clerk
    By: _____
    Deputy Clerk

## COUNT TWO

From a date unknown to the Grand Jury, until on or about May 19, 2004, in the Northern District of Georgia and elsewhere, the defendants, CHRISTOPHER OSINIBI and POGISO WILLIAM DIKGANG, a/k/a AKIM, aided and abetted by each other and others, did knowingly and intentionally possess with the intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT THREE

From a date unknown to the Grand Jury, until on or about May 19, 2004, On or about May 19, 2004, in the Northern District of Georgia and elsewhere, the defendants, CHRISTOPHER OSINIBI and POGISO WILLIAM DIKGANG, a/k/a AKIM, did knowingly combine, conspire, confederate, agree and have a tacit understanding with one another and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 952(a), that is to knowingly and intentionally import heroin, a Schedule I controlled substance, into a customs territory of the United States from a place outside thereof, specifically Johannesburg, South Africa, said conspiracy involving at least 100 grams of a mixture and substance containing a detectable amount of heroin, in

2

violation of Title 21, United States Code, Sections 963 and 960(b)(2)(A).

## COUNT FOUR

From a date unknown to the Grand Jury, until on or about May 19, 2004, On or about May 19, 2004, in the Northern District of Georgia and elsewhere, the defendants, CHRISTOPHER OSINIBI and POGISO WILLIAM DIKGANG, a/k/a AKIM, aided and abetted by each other and others, did knowingly and intentionally import into a customs territory of the United States from a place outside thereof, specifically Johannesburg, South Africa, at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(2)(A), and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

As a result of committing one or more of the controlled substances offenses alleged in Counts ONE through FOUR of this Indictment, defendants,

CHRISTOPHER OSINIBI and
POGISO WILLIAM DIKGANG

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said

3

violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of a violation alleged in Counts ONE and TWO of this Indictment, including but not limited to the following:

    a.  MONEY JUDGMENT

A sum of money equal to Two Hundred Fifty Thousand Dollars ($250,000.00) in United States Currency, representing the amount of proceeds obtained as a result of and the value of property used to commit or facilitate the commission of the offenses charged in Counts ONE and TWO, for which Defendants are jointly and severally liable;

    b.  CURRENCY

The sum of Ten thousand, nine hundred sixty-three dollars ($10,963.00) in United States Currency recovered on or about May 19, 2004, from the person of POGISO WILLIAM DIKGANG, a/k/a AKIM at the time of his arrest;

in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii) and 846 and 853.

If, as a result of any act or omission of the Defendants, any property subject to forfeiture:

4

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

A _____*TRUE*_____ BILL

-

WILLIAM S. DUFFEY, JR.
UNITED STATES ATTORNEY

*Carol M. Kayser*

CAROL M. KAYSER
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6285
Georgia Bar No. 409355

5

ATT.... A TRUE COPY
CERTIFIED THIS

JUN  2 2008

Luther D. ........, Clerk
By:
Deputy Clerk

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SEP 2 3 2005

LUTHER D. THOMAS, Clerk

By: _J. Reed_ **Deputy Clerk**

**UNITED STATES OF AMERICA**

-vs-

Case No. **1:04-CR-320-1-MHS**

**CHRISTOPHER OSINIBI**

**Defendant's Attorney:**
**Jimmy Hardy**

---

### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 21:841(b)(1)(B) and 846 U.S.C. | Conspiracy to Possess with Intent to Distribute at least 100 Grams of Heroin. | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2-4 are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: September 22, 2005

Signed this the 23 day of September, 2005.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 2 8 2008

James N. Hatten, Clerk
By: _____
Deputy Clerk

1:04-CR-320-1-MHS : CHRISTOPHER OSINIBI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY (30) MONTHS.**

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be placed in an institution close to Atlanta.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

1:04-CR-320-1-MHS : CHRISTOPHER OSINIBI

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Defendant shall participate as directed in a program approved by the Probation Officer for treatment or narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

Pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

1:04-CR-320-1-MHS : CHRISTOPHER OSINIBI

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:04-CR-320-1-MHS: CHRISTOPHER OSINIBI

## FINE

**The defendant shall pay a fine of $2,000.00.**

**This fine includes any costs of incarceration and supervision.**

**The defendant shall make fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $100.00. If defendant is attending college, the fine payment shall be reduced to $50.00 per month.**

**If the fine is not paid, the court may sentence this defendant to any sentence which might have been originally imposed. See 18 USC 3614.**